**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rayford ROBERSON, Defendant–Appellant.**

No. 07–10456.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2008.*

Filed June 13, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office ·of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Jan David Karowsky, Sacramento, CA, for Defendant–Appellant.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM \*\*

Rayford Roberson appeals the district court's denial of his motion for a new trial based on newly-discovered evidence. We review for abuse of discretion. *See Sanghvi v. City of Claremont,* 328 F.3d 532, 536 (9th Cir.2003).

After he was convicted, Roberson discovered that one of the jurors at his trial taught Bible study classes at the jail and, as a result, was friendly with many of the deputies. Roberson contends he is entitled to a new trial based on juror bias, or at least an evidentiary hearing, because the juror did not disclose these activities during *voir dire.* The district court denied the motion without a hearing, finding that the juror had responded honestly to all questions asked of him during *voir dire,* and that even had his volunteer activities been revealed, they would not have supported a challenge for cause.

To obtain a new trial based on previously undiscovered juror bias, "a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Green-*

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*wood,* 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984); *see also Sanders v. Lamarque,* 357 F.3d 943, 949 (9th Cir. 2004). "An evidentiary hearing is not mandated *every* time there is an allegation of jury misconduct or bias. Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *United States v. Angulo,* 4 F.3d 843, 847 (9th Cir.1993) (citations omitted). The stumbling block for Roberson is that, as the district court pointed out, even if his allegations are taken as true, they fail to meet either prong of the *McDonough* test, rendering a hearing unnecessary.

Although he does not contest that jurors were not explicitly asked about their volunteer activities, Roberson argues that this juror should have understood that the thrust of the *voir dire* process was to ferret out any information relative to bias, and disclosed his teaching activities. This approach sets the bar too high. Where a juror reasonably interprets and "truthfully answer[s] the direct questions posed to [him]," a defendant cannot meet the first prong of *McDonough* by arguing that the juror should have intuited the unasked question. *Sanders,* 357 F.3d at 949. "[A]ny failure ... to discover [the information not solicited] ... was due to [Roberson's] lack of diligence and not any concealment or deliberate withholding of information by [the juror]." *See id.* at 950.

■ The district court was not required to hold a hearing on whether the juror taught Bible study classes as a volunteer or as an employee of the jail. While it is true that such information could be discerned at an evidentiary hearing, Roberson has not even put forth a colorable claim that the juror was an employee. Rather, as the district court noted, "[k]nowing that was the issue, defense counsel carefully and deliberately crafted the affidavit so as to be vague on the point of whether the juror was 'employed' or 'volunteered' as a Bible study leader at either the County Jail or prison." While we do not doubt that the affidavit submitted to the court was truthful, Roberson and his counsel are not excused from ascertaining at least enough information on this point to make a colorable claim. Whether the juror taught these classes as an employee could easily have been asked of him, and the failure to do so is telling.

■ Assuming the juror was a volunteer, even had this been disclosed at *voir dire,* it would not have been grounds to challenge the juror for cause. "To disqualify a juror for cause requires a showing of either *actual* or *implied* bias—'that is ... bias in fact or bias conclusively presumed as a matter of law.'" *United States v. Gonzalez,* 214 F.3d 1109, 1111 (9th Cir. 2000) (quoting 47 Am.Jur.2d Jury § 266 (1995)). Roberson does not allege the juror was actually biased, rather he speculates that the juror "could very well have been actually biased." Such speculation is insufficient. Neither do these facts present the extraordinary circumstances where "an average person in the position of the juror in controversy would be prejudiced." *Id.* at 1112 (emphasis omitted); *see also Dyer v. Calderon,* 151 F.3d 970, 981 (9th Cir.1998) (noting that bias will only be inferred in extraordinary circumstances).

**AFFIRMED.**